# Exhibit "D"

NO. C2022-1249D

FILED
C2022-1249D
7/29/2022 10:19 AM
Heather N. Kellar
Comal County
District Clerk
Accepted By: Joey Knew

| | | |
|---|---|---|
| Crystalina Eiland<br>PLAINTIFF | § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| Gateway Mortgage<br>DEFENDANT | § § § § | COMAL COUNTY, TEXAS |

### ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

To the Honorable Judge of the Court:

Plaintiff, Crystalina Eiland (hereinafter referred to as "Plaintiffs"), and files this ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER against Defendant #1 Gateway Mortgage asserting causes of action for money damages, Breach of Contract, Request for injunctive relief, and Request for an Accounting, Plaintiff respectfully shows the following:

### I. DISCOVERY CONTROL PLAN as well as

### TRCP 47 COMPLIANCE STATEMENT

1. Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends that discovery be conducted under Level Two of the Rule. Pursuant to TRCP 47 plaintiff asserts that: damages sought are within the jurisdictional limits of the court and plaintiff is seeking are 100,000 or less in economic damages as well as non-monetary relief.

### II. PARTIES AND SERVICE

2. Plaintiff Crystalina Eiland is an individual residing in San Antonio, COMAL County, Texas they are residences of the property at bar.

3. Defendant #1 **Gateway Mortgage a division of Gateway First Bank** is a lender doing business in COMAL County, Texas. Defendant is available for service of process will be appearing in Court by agreement in the case or if necessary through service of process through its Registered Agent that will de determined at a later date.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this case because the amount in controversy is within this Court's jurisdictional requirements.

5. This court has jurisdiction over the parties and the subject matter of this case, pursuant to TEX. CONST. ART. 5, §8, TEX. Civ. PRAC. & REM. CODE §37.003, and TEX. Civ. PRAC. & REM. CODE, §65.021.

6. Venue for this suit is proper in COMAL County because the real property (home and land) concerned in this cause of action is situated in COMAL County. TEX. CIV. PRAC. AND REM. Code §15.011.

7. All conditions precedent to bringing this suit have been preformed or have occurred.

### Facts

8   Plaintiff a note and deed of trust further secured by a first mortgage lien on the following real property:

> Being Lot 25, Ranchline Del Lago, Phase 9, a subdivision in Comal County, Texas recorded in Volume 7, Page 93, Deed and Plat Records of Comal County, Texas with all improvements thereon situated.
>
> - Aka 560 Persimmon Pass, Fischer, TX 78623, USA

A true and correct copy of the Deed of Trust is incorporated by reference from the County Clerk's office where is was filed contempraniously with the Warranty Deed.. The Plaintiff is the owner of the Property in fee simple subject to the mortgage debt which is substantially less then the amount owed then its fair market value. The Property is the Plaintiff's homestead. The homeowner has a buyer lined up and needs to have the foreclosure backed down so that they can retain their equity in the home.

9. The Property is currently posted for a August 2, 2022, non-judicial foreclosure sale. A copy of the Notice of Substitute Trustee's Sale is attached is incorporated by reference from the COMAL County Deed Records. The defendant in this matter has not worked with the plaintiff who is now just seeking to sell the house through an agreement that she is already working on.

## CAUSES OF ACTION

### I: REQUEST FOR INJUNCTIVE RELIEF

10. Plaintiff is entitled to the issuance of the Temporary Restraining Order, Temporary Injunction, and Permanent Injunction under TEX. CIV. PRAC. & REM. CODE, §65.011(1), (2), (3) and/or (5). Plaintiff is the owner of the real property, the subject of this suit which is more particularly described as follows:

> Being Lot 25, Ranchline Del Lago, Phase 9, a subdivision in Comal County, Texas recorded in Volume 7, Page 93, Deed and Plat Records of Comal County, Texas with all improvements thereon situated.
>
> - Aka 560 Persimmon Pass, Fischer, TX 78623, USA

Defendant is the holder of that certain promissory note with a current unpaid balance, payable to the order of Defendant, secured by a Deed of Trust which is secured by a lien against the above described real property of Plaintiff secured by the above described real property.

11. Plaintiffs further shows that despite the efforts of Plaintiff to sell the property before foreclosure. Defendant has insisted on the foreclosure of the mortgage and will cause the mortgage to be foreclosed by Defendant's agents unless Enjoined.

12. There is no default sufficient to justify foreclosure and any alleged default has been cured or waived through the collection problems endemic to the handling of the mortgage payments in light of the equity. If Defendants are not restrained and enjoined Plaintiff will suffer irreparable harm. The foreclosure sale will deprive Plaintiff of the usual enjoyment of the property.

13. Plaintiff would further show the Court that there is no remedy at law that is clear and adequate to protect the property interest of Plaintiff against such wrongful foreclosure. This request for injunctive relief is so that justice may be done, and not merely for delay. Plaintiff stands ready to perform such equitable acts as the Court may deem necessary. Because of the acts of Defendants, Plaintiff must proceed into this Court of Equity and seek affirmative relief.

14. Plaintiff would show that immediate and irreparable injury, loss, or damage will result to the Plaintiff before notice can be served upon and a hearing had on this Application for Temporary Restraining Order. Specifically, Plaintiff will lose all equity in and possession of her home unless the court issues a temporary restraining order preventing such act. Such loss will work terrible and, possibly, irreparable financial harm on Plaintiff. In that regard, a foreclosure sale, the day after this Application is filed; and, if the court does not take action by issuing a temporary restraining order, Plaintiff will lose her home and all equity she has acquired in it.

15. Plaintiff prays that the Court enter a temporary restraining order temporarily enjoining and restraining Defendant, and its attorneys, employees, agents, representatives, and assigns, from doing any of the following:

1. Taking any action to foreclose on the real property, more particularly described as follows:

Being Lot 25, Ranchline Del Lago, Phase 9, a subdivision in Comal County, Texas recorded in Volume 7, Page 93, Deed and Plat Records of Comal County, Texas with all improvements thereon situated.

- Aka 560 Persimmon Pass, Fischer, TX 78623, USA

2. To take any other action to enforce the power of sale contained in the Deed of Trust of the above subject property, securing a Notes of even date therewith;

3. Posting the property for foreclosure sale or taking other actions to enforce the Deed of Trust Lien against the property described above; and

4. Taking any other actions to the prejudice of Plaintiff.

## II. Breach of Contract

16. Plaintiff incorporates in by reference Paragraphs 1-18 as fully set forth here.

17. The essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the Plaintiff; (3) breach of the contract by the Defendant; and (4) damages sustained by the Plaintiff as a result of the breach. Valero Mktg. & Supply Co. v. Kalama Int'l, 51 S.W.3d 345, 351 (Tex. App.-Houston [1st] 2001, no pet.).

18. The plaintiffs has attempted to work this matter out in an amicable manner. She has a buyer lined up for the home. We question the amount that is on the notice to vacate.

## C. Request for an Accounting

19. Plaintiff incorporates in by reference Paragraphs 1-10 as fully set forth here.

20. Plaintiff is requesting an accounting of monies owed on the 2 loans to both defendants #1 and #2.

### D. TEXAS DECLARATORY JUDGMENT ACT

21. Plaintiff incorporates in by reference Paragraphs 1-10 as fully set forth here.

22. The DJA provides that it is to "be liberally construed and administered" to fulfill its purpose "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 2008). A court of record may, "within its jurisdiction[,] . . . declare rights, status, and other legal relations whether or not further relief is or could be claimed." *Id.* § 37.003(a). The subject matter of a declaratory judgment action includes a "declaration of rights, status, or other legal relations" of any question of construction or validity arising under a statute when the person's "rights, status, or other legal relations are affected by [the] statute." *Id.* § 37.004(a).

22. Plaintiff is seeking to obtain a declaration that the notice of acceleration is problematic and defective.

### E. Issues with Loan Modification / Forbearance

23. The loan modification process was problematic because the lender did not allow the process to continue instead of rushing to foreclosure.

### F. Attorney's Fees

24. Plaintiff requests attorney's fees under the Texas DJA and for Injunctive Relief.

### XI. PRAYER

25. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Crystalina Eiland respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the

jurisdictional limits of the Court. Accordingly, Plaintiffs respectfully request that Plaintiffs have judgment against Defendants for:

a. Costs associated with prosecuting this action; and

b. A Temporary Injunction be issued to Defendant, Gateway Mortgage, restraining Gateway Mortgage, its Agents, Servants, and Employees, from directly or indirectly selling or attempting to sell the property described herein and to further restrain Gateway Mortgage from issuing any letters, notices or any written instrument which would purport to give the right to foreclose on the property under the power of sale contained in the Deed of Trust and further as follows;

   1. Taking any action to foreclose on the real property, more particularly described as follows:

   Being Lot 25, Ranchline Del Lago, Phase 9, a subdivision in Comal County, Texas recorded in Volume 7, Page 93, Deed and Plat Records of Comal County, Texas with all improvements thereon situated.

   - Aka 560 Persimmon Pass, Fischer, TX 78623, USA

   2. To take any other action to enforce the power of sale contained in the Deed of Trust of the above subject property, securing a Notes of even date therewith;

   3. Posting the property for foreclosure sale or taking other actions to enforce the Deed of Trust Lien against the property described above; and

   4. Taking any other actions to the prejudice of Plaintiff, and.

c. After notice of hearing the Court issue a Temporary Injunction pending the outcome of this case, restraining Defendant's from foreclosing upon the property; and.

d. After notice of hearing the Court issue a Permanent Injunction pending the outcome of this case, restraining Defendant's from foreclosing upon the property; and

e. Economic damages related to the breach of contract and attorney's fees.

Respectfully Submitted,

THE LAW OFFICE OF
ALBERT W. VAN CLEAVE, III PLLC
1520 W. HILDEBRAND
SAN ANTONIO, TX 78201
(210) 341 - 6588
(210) 701 - 8481 (FACSIMILE)

BY: _Gregory T. Van Cleave_
    Gregory T. Van Cleave
    State Bar No. 24037881
    Greg_v@vancleavelegal.com
ATTORNEYS FOR PLAINTIFF

NO. _____

| | | |
|---|---|---|
| Crystalina Eiland<br>PLAINTIFF | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |
| Gateway Mortgage<br>DEFENDANT | §<br>§ | COMAL COUNTY, TEXAS |

State of Texas §
§
County of COMAL §

### VERIFICATION and AFFIDAVIT

i.   Verification

My name is **CRYSTALINA EILAND**, and I are seeking an application for Temporary Restraining Order. All of the Statements, Facts, and Circumstances set out in the above Original Petition and Application for Injunctive Relief are within my personal knowledge and are true and correct. I am respectfully requesting that the Temporary Restraining Order be issued.

ii. Affidavit

Before me, the undersigned notary, on this day, personally appeared **CRYSTALINA EILAND**, a person whose identity is known to me. After I administered an oath to her, upon her oath, she said:

1.   "My name is **CRYSTALINA EILAND**, and I am a plaintiff in this case. I have personal knowledge of the facts stated in this affidavit and they are true and correct and I am over the age of 21 and fully competent to make this affidavit.

2.   I am the owner of the below described piece of property.

Being Lot 25, Ranchline Del Lago, Phase 9, a subdivision in Comal County, Texas recorded in Volume 7, Page 93, Deed and Plat Records of Comal County, Texas with all improvements thereon situated.

- Aka 560 Persimmon Pass, Fischer, TX 78623, USA

3. I am sorry that I had fallen behind on my property. I work at restaurants and my husband is a construction guy. We live in our home and have sizable equity in it. I have come to understand that my property has fallen back into foreclosure. We were in a forbearance agreement and I was told that they kicked me off of the program because they sent me some mail that was classified as undeliverable and returned to the post office. I cannot speak to what being undeliverable entails; but, I do want to keep my house and would love to stay on the forbearance program. Both my husband and I do work and I need to keep somewhere to live.

4. I did not intend on falling behind. We did have issues related to COVID. I work at a restaurant and as I am sure you are aware restaurants closed due to covid. That is what I had fallen behind.

5. I understand that I am going to loose my house and that I currently cannot afford to stay there. I am working on finding a lender to buy my house if I do not qualify to have my loan reinstated. He already has me under ab earnest money contract. I want to address my problems or move along.

6. I verify that the statements made in this affidavit are true and correct."

_____
CRYSTALINA EILAND, Affiant

State of Texas

County of COMAL

Sworn to and subscribed before me on this ____ day of 7/28/2022 _____, 2021, by CRYSTALINA EILAND.

_____
Notary Public, State of Texas

## eSignature Details

Signer ID:       goiqQUcEKudxeRoj4bxSaat4
Signed by:       Crystalina Eiland
Sent to email:   ledcry@gmail.com
IP Address:      172.56.88.37
Signed at:       Jul 28 2022, 6:10 pm CDT